THE JOHN SHILLITO COMPANY *v.* GEORGE B. FOX.*

## STATEMENT.

Fox was asked by the Book, etc., Co., of Chicago, which furnished books for sale in the book department of the Shillito Co., to become surety for it in replevin against an attachment of the books as the property of another company. To induce Fox to do this the Book Company wrote him that it has arranged with the Shillito Company, which was one of the defendants in the replevin suit, to secure him against loss.

Fox accordingly went to the office of the Shillito Company and stated his errand. He was informed that an arrangement had been made to protect him and was introduced to one Dawson, the general superintendent, and told that "he had the matter in charge and that any arrangement I would make (with him) would be all right."

Dawson told Fox the books, though in the store, were in the sheriff's hands, and "the Shillito people were very anxious indeed to have the books sold," "the busy time of the year was coming on," etc. "He then said that they had the authority to secure me if I gave a bond and would do so." "He said it would be perfectly safe." "We will see that you are kept harmless and to the extent of the amount that we have in our possession." This he said was "about $7,000."

"Q. What did he say the Shillito Company would do if you went on the bond?

"A. To hold all there was there to secure me and to sell the property; they wanted it released so that they could sell, and hold the proceeds or the books—all of it was to be held.

"Q. Either the proceeds or the books?

"A. Either the proceeds or the books."

* Affirmed by Supreme Court, 75 O. S. ——.

Thereupon Fox went to the court house, gave the bond and then "returned to the Shillito place and told Mr. Dawson that the bond had been executed and that he could now proceed to sell the books." "He said that they would proceed to do it and would see that I was harmless." The books were thereupon surrendered by the sheriff to the Shillito Company.

Afterward Fox received a letter from the Shillito Company asking him to call, which he did. Dawson then said the Chicago people "were very anxious to have this amount reduced from $7,000 to about $5,000, arguing that that would be sufficient to make me safe." But Fox refused to consent, saying "it was a matter for them to determine. I looked upon the Shillito concern as being responsible to me, and that if they did it they did it at their peril."

It is not disputed that Fox was compelled and did pay the amount sued for and recovered on the bond, nor that the Shillito Company realized more than that sum from the sale of the books in its possession when it promised the indemnity. This is also admitted on the pleadings.

In addition to having the books in its possession the Shillito Company also had an agreement from the owners to indemnify it against loss by the reason of indemnity, by virtue of which the owners paid the fees of Maxwell & Ramsey for defending the Henderson-Achert Company suit.

The case was tried before Judge Ferris, with verdict and judgment for plaintiff Fox below.

*Per Curiam.*

The majority of the court are of opinion that there is no material error in the proceedings and judgment in the court below, as shown by the record, and with respect to special charge No. 5, upon which the only difference of opinion arises (requiring the defendant in error, Fox, to prove affirmatively the authority of Dawson to make the contract binding on the company), are of the opinion that said charge was properly refused, because it necessarily

excludes all consideration by the jury of the testimony tending to show acceptance of benefits with knowledge, and other facts tending to show ratification (Cook on Corporations, Sections 1792 to 1798, inclusive).

The judgment of the Special Term must, therefore, be affirmed, and it is so ordered.

HOSEA and HOFFHEIMER, JJ., concur. LITTLEFORD, J., dissents with respect to special charge No. 5, which, in his opinion, should have been given, upon the authority of *Bradford Belting Co.* v. *Gibson,* 68 O. S., 440.

Judgment affirmed.

*Robert Ramsey,* for plaintiff in error.
*Judson Harmon* and *C. B. Wilby,* for defendant in error.